BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ANDROGEL PRODUCT LIABILITY LITIGATION | MDL NO. 2545 |

RESPONSE IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407 AND REQUEST FOR TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA

Rafael Tejeda and Larry D. Hill are Plaintiffs with cases now pending in the United States District Court for the Eastern District of Pennsylvania. (*Tejeda v. AbbVie Inc., et al,* 14-946 (E.D.Pa.) and *Hill v. Auxilium Pharmaceuticals, Inc.*, 14-2189 (E.D.Pa.)). Plaintiffs allege they suffered harm from the use of testosterone replacement products. The Honorable Nitza I. Quinones Alejandro is presiding over both cases.

Plaintiffs file this brief in response to a recent motion for transfer and consolidation filed by Rafael and Connie Barrios ("Barrios Plaintiffs") relating to testosterone replacement pharmaceutical products manufactured by a variety of different manufacturers, and the subsequently filed response in support of the Barrios' motion filed by Plaintiffs Joseph Albright, Mark S. Harris, Ronald W. Husted, Sr. and Walter and Donna McGill ("Albright Plaintiffs"). Plaintiffs are responding also to another motion to transfer filed by a group of Plaintiffs from Illinois ("Illinois Plaintiffs") seeking MDL

status for claims involving only the testosterone replacement treatment, AndroGel. Both motions to transfer and the response brief are pending before this Honorable Panel under MDL 2545. *See In Re: AndroGel Product Liability Litigation, MDL 2545.*

The motions for transfer and brief submitted in response to the Barrios motion to transfer differ not only in the proposed scope of the MDL, but also in the proposed venue. The Barrios Plaintiffs request transfer to the Eastern District of Louisiana, the Illinois Plaintiffs request transfer to the Northern District of Illinois, and the Albright Plaintiffs request transfer to the Eastern District of Pennsylvania.

Plaintiffs join in the motions to transfer and the response brief to the extent that they request transfer and coordination or consolidation pursuant to 28 U.S.C. § 1407. Consolidation and coordination of these proceedings as an MDL is warranted in light of the common questions of fact involved in the Related Actions and will conserve judicial resources, promote efficient management of the litigation, and avoid inconsistent pretrial rulings.

Plaintiffs also agree with the Barrios Plaintiffs' request that the litigation involving all testosterone therapy drugs, and not just AndroGel, be transferred and consolidated as part of an MDL. AndroGel is not the only testosterone product about which product liability claims have been filed. If the Panel agrees that this MDL should include all testosterone therapy drugs, Movants propose that a new, broader moniker for the case should be determined to include all testosterone replacement products.

Additionally, Plaintiffs concur with the Albright Plaintiffs' request that this litigation should be transferred and consolidated before the United States District Court

for the Eastern District of Pennsylvania. Two of the named Defendants, Auxilium Pharmaceuticals, Inc. and Endo Pharmaceuticals Inc., are located within the Eastern District of Pennsylvania, and several others are located within a relatively short distance of the courthouse, in New Jersey and New York.

The Eastern District of Pennsylvania is a forum that is highly experienced with complex litigation cases, including multi-district products liability litigations involving pharmaceutical drugs. By way of example, in *In re: Avandia Marketing, Sales Practices and Products Liability Litigation* (MDL 1871), the Court successfully resolved more than 60,000 filed and tolled cases. Additionally, the Eastern District of Pennsylvania has repeatedly demonstrated its ability to manage other large, complex multi-district litigations including such cases as *In re: Diet Drugs*, MDL 1203; *In re: Orthopedic Bone Screws,* MDL 1014; *In re: Asbestos Products Liability Litigation*, MDL 875; and *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL 2342.

Based on the Eastern District of Pennsylvania's past and current experience with complex multi-district litigations and its close proximity to several of the Defendants' corporate headquarters, Plaintiffs respectfully request that the instant litigation be consolidated for pretrial purposes in the Eastern District of Pennsylvania.

I.   <u>ARGUMENT</u>

    A.   <u>The Testosterone Cases Should Be Transferred and Consolidated Pursuant to 28 U.S. C. § 1407</u>

Title 28 U.S.C. §1407(a) provides that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The

3

Panel "shall" make such transfers when transfer is in furtherance of the "convenience of the parties and witnesses" and will "promote the just and efficient conduct of such actions." *Id.*

Pharmaceutical product liability cases are particularly well-suited for coordination because they involve common questions of fact concerning the "development, testing, manufacturing and marketing" of the products. *In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004), *See also In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (common questions regarding the safety profile of a drug and the manufacturer's warnings); *In re Vytorin / Zetia Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d 1378, 1380 (J.P.M.L. 2008) (common questions regarding the use and/or marketing of two pharmaceutical drugs). Because of the number of current and anticipated actions and the existence of common questions of fact, the requirements for transfer under §1407 are met here.

### 1. Transfer Will Eliminate Duplicative Discovery

The actions listed on Exhibit 1 raise common factual issues, which include the risk of developing life threatening cardiac events, strokes, and thrombotic events, Defendants' misrepresentation that its products are safe and effective treatments for male hypogonadism, and that Defendants understated the health hazards and risks associated with their products. Transfer under §1407 is therefore necessary to permit discovery to be effectively and efficiently completed without duplication or unnecessary depletion of the resources of the parties, their attorneys and the judicial system. It will ensure that the maximum amount of information is available to all parties.

The Panel repeatedly has held that transfer of multi-district litigation to a single district may be ordered where it is necessary to avoid needless duplication of discovery and promote the just and efficient conduct of litigation. *See, e.g., In re MMA Antitrust Litig.,* 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F. Supp. 1407, 1408 (J.P.M.L. 1995). Each action on Exhibit 1 will require virtually identical discovery, including numerous depositions of common fact and expert witnesses. Transfer will reduce duplication of testimony and eliminate the need for retention of separate experts in each of the related actions.

Centralization of these cases also will facilitate the orderly and efficient acquisition, analysis and storage of the myriad documents that will be produced in the actions. This can be achieved through centralized management by the transferee court of all document discovery.

### 2. Transfer Will Avoid Repetitive and Conflicting Rulings

Centralization under § 1407 is necessary to "prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary." *In re MMA,* 435 F. Supp. 2d at 1347; *In re Pharm. Benefit Managers Antitrust Litig.,* 452 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006). Accordingly, in view of the common issues identified above, coordination in one district before one court assures one decision for issues that affect each action listed for transfer. Otherwise, conflicting orders on identical issues of fact and law may result.

> B. **This MDL should be expanded to Include All Testosterone Replacement Products**

Testosterone replacement drugs are manufactured by several different Defendants. For instance, AndroGel is manufactured by Abbott Laboratories, Inc. and AbbVie Inc., whereas Testim is manufactured by Auxilium Pharmaceuticals, Inc.

To date, there are fifty-two testosterone replacement therapy cases on file, and at least eleven involve drugs other than AndroGel (Testim, Axiron, Androderm, Fortesta, Delatestryl, Striant, Depo-Testosterone, and Testopel). *See* Schedule of Related Actions. All of the testosterone replacement products at issue in the Related Actions are alleged to have caused serious medical problems, including life threatening cardiac events, strokes, and thrombotic events. In fact, in some patient populations, testosterone replacement products may increase the incidence of myocardial infarctions and death by over 500%. Additionally, each of the manufacturers is alleged to have misrepresented that its products are safe and effective treatments for male hypogonadism and that they understated the health hazards and risks associated with their products.

Plaintiffs also wish to call the Panel's attention to the fact that the Panel created seven separate MDLs in the pelvic surgical mesh litigation (MDLs 2187, 2325, 2326, 2327, 2387, 2440, and 2511), and transferred all seven MDLs to one judge for oversight (The Honorable Joseph R. Goodwin, United States District Court for the Southern District of West Virginia). Thus, not only is it appropriate for the Panel to transfer testosterone replacement litigation involving multiple Defendants and multiple products to a single jurist, but, as the handling of the pelvic mesh litigation demonstrates, transfer will conserve judicial resources, promote efficient management of the litigation, and avoid

inconsistent pretrial rulings.

Based on the foregoing, Movants respectfully propose that this MDL be expanded to include all testosterone replacement products and to change the name of MDL 2545 from *In re: AndroGel Product Liability Litigation* to *In re: Testosterone Replacement Products Liability Litigation.*

### C. The Eastern District of Pennsylvania is the Most Appropriate Venue for Transfer

The Eastern District of Pennsylvania is the most convenient and efficient forum to conduct this litigation.

#### 1. The Case Has Ties to the Eastern District of Pennsylvania

At least two of the allegedly defective testosterone products are manufactured by companies headquartered in the Eastern District of Pennsylvania. Auxilium Pharmaceuticals, Inc., the manufacturer of Testim, is located at 640 Lee Road, Chesterbrook, Pennsylvania 19087. Similarly, The manufacturer of Fortesta, Endo Pharmaceuticals, has United States headquarters at 1400 Atwater Drive, Malvern, Pennsylvania 19355.

Additionally, the manufacturers of Androderm (Actavis Pharma., Inc.) and Depo-Testosterone (Pfizer Inc.), who are also named Defendants in this litigation, are located approximately ninety miles from the Eastern District of Pennsylvania, in New Jersey and New York, respectively. Based on their proximity to the Eastern District of Pennsylvania, each of these Defendants is subject to the court's subpoena power.

Thus, many of the Defendants' officers and key employees are located in Pennsylvania or nearby in New Jersey and New York. Pre-trial discovery from these

Defendants will involve the production and review of documents and the deposition of their key employees, officers and directors, many of which are located in the Eastern District of Pennsylvania or nearby in New Jersey and New York.  Therefore, convenience weighs in favor of transferring and consolidating these actions in the United States District Court for the Eastern District of Pennsylvania.

### 2. The Eastern District of Pennsylvania is conveniently located

The location of the Eastern District of Pennsylvania, in Philadelphia, is convenient for all parties.  The Philadelphia metropolitan area is home to the Philadelphia International Airport, which has undergone more than $1 billion in capital improvements since 2000, is centrally located, and is easily accessible for everyone involved in this litigation. The Philadelphia airport schedules numerous daily flights to and from all parts of the United States.  Plaintiffs and their respective counsel reside in various locations around the United States, so a venue in a major transportation hub, such as Philadelphia, is convenient for all.

### 3. The Eastern District of Pennsylvania Can Handle Complex Cases

As the Panel has recognized on numerous occasions, the Eastern District of Pennsylvania has the resources to handle complex cases such as the testosterone replacement therapy cases.  *See, e.g., In re: Pharmacy Ben. Managers Antitrust Litig.*, 452 F. Supp. 2d at 1354 ("We are persuaded that the Eastern District of Pennsylvania, where two actions are currently pending, has the experience to steer this litigation on a prudent course.").  Indeed, the Eastern District of Pennsylvania has substantial experience in managing complex multi-district litigation, particularly pharmaceutical products liability

8

cases. *See, e.g., In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liab. Litig.*, MDL 1203; *In re: Avandia Mktg., Sales Practices & Products Liab. Litig.*, MDL 1871; *In re: Zoloft (Sertraline Hydrochloride) Products Liab. Litig.*, MDL 2342; *In re: National Football League Players' Concussion Injury Litig.*, MDL 2323.

According to the Federal Court Management Statistics for the 12-month period ending September 30, 2012, the median time from filing to disposition for civil cases in the Eastern District of Pennsylvania was 8.5 months and filing to trial a mere 19 months. *See* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementSt atistics/2012/district-fcms-profiles-september-2012.pdf&page=16 (last viewed 6/11/2013). *See also In re: MMA Antitrust Litig.*, 435 F. Supp. 2d at 1347 (stating that the Eastern District of Pennsylvania is "well equipped with the resources that this complex antitrust docket is likely to require").

### 4. In the Alternative, Plaintiffs Believe the Eastern District of Louisiana Would be an Appropriate Forum for this Litigation

To the extent the Panel disagrees that the Eastern District of Pennsylvania is an appropriate forum for transfer, Plaintiffs respectfully submit that this litigation should be transferred to the United States District Court for the Eastern District of Louisiana.[1] The Eastern District of Louisiana has numerous judicial resources, and the ability and past experience with handling complex multi-district litigations. *See In re: Propulsid Liab. Litig.*, 2000 WL 35621417 (J.P.M.L. 2000) (Fallon, J.); *In re: Vioxx Products Liab. Litig.*, 360 F.Supp.2d 1352 (J.P.M.L. 2005) (Fallon, J.); *In re: Chinese-Drywall Products*

---

[1] Three of the Related Actions are currently pending in the Eastern District of Louisiana. *See Peuler v. Auxilium Pharmaceuticals*, 14-658 (E.D. La.) (Fallon, J.); *LoCoco, II v. AbbVie Inc.*, 14-774 (E.D. La.) (Barbier, J.); *Barrios v. AbbVie Inc.*, 14-00839 (E.D. La.) (Feldman, J.).

*Liab. Litig.*, 626 F.Supp.2d 1346 (J.P.M.L. 2009) (Fallon, J.); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico,* 731 F.Supp.2d 135 (J.P.M.L. 2010) (Barbier, J.); *In re: Pool Products Distribution Mktg. Antitrust Litig.,* 856 F.Supp.2d 1341, J.P.M.L. 2012) (Vance, J.). Therefore, the Eastern District of Louisiana provides an excellent alternative forum to the Eastern District of Pennsylvania.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel grant this petition to coordinate and centralize all of the testosterone replacement therapy products liability actions under 28 U.S.C. §1407, more specifically, Plaintiffs request that the Panel expand MDL 2545 to include all testosterone replacement products and transfer all such cases to the United States District Court for Eastern District of Pennsylvania.

Dated: April 17, 2014                    Respectfully submitted,

/s/ *Dianne M. Nast*
Dianne M. Nast
Daniel N. Gallucci
Joanne M. Matusko
NASTLAW LLC
1101 Market Street
Suite 2801
Philadelphia, Pennsylvania 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com
dgallucci@nastlaw.com
jmatusko@nastlaw.com

*Attorneys for Plaintiffs Tejeda and Hill*